8 F.3d 28
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raoul Edward MARVIN, Petitioner-Appellant,
v.
Vernon SMITH, Superintendent; ATTORNEY GENERAL OF THE STATE
OF CALIFORNIA, Respondents-Appellees.
 No. 91-55722.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 6, 1993.
Decided Oct. 4, 1993.
 
 1
 Before: BROWNING, FARRIS, and KELLY,* Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 Assuming error under Doyle v. Ohio, 426 U.S. 610 (1976), Marvin nevertheless failed to "prove that the testimony had a 'substantial and injurious effect or influence' on the verdict." Henry v. Estelle, 993 F.2d 1423, 1427 (9th Cir.1993) (following Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993)); see also id. at 1427 n. 2 (Brecht applies retroactively).[1]
 
 
 4
 The evidence of a fraudulent scheme was overwhelming. Even under the pre-Brecht standard, the alleged Doyle error was "harmless beyond a reasonable doubt," United States v. Newman, 943 F.2d 1155, 1158 (9th Cir.1991), given the strength of evidence against Marvin: He concealed the purported location of the fictional guayule operation despite numerous attempts by investors to find it; he fabricated testimony about the operation's finances; his former attorney had never heard of "Sharon Stone," the American Indian through whom Marvin supposedly dealt with Sioux investors; the state's witnesses had not heard of either the Western Tribal Association or the two Indians Marvin claimed helped him obtain a land lease; and testimony of Judge Redshirt and Mr. Collier directly refuted most of Marvin's remaining claims.
 
 
 5
 AFFIRMED.
 
 
 
 *
 Honorable Paul J. Kelly, Jr., Circuit Judge, United States Court of Appeals for the Tenth Circuit, sitting by designation
 
 
 **
 The parties are familiar with the facts and issues presented; we will not restate them here. This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We need not decide whether a procedural default bars Marvin from raising his Doyle claim on federal habeas because his claim is, in any event, meritless. Cf. Snyder v. Sumner, 960 F.2d 1448, 1454 n. 3 (9th Cir.1992) (exhaustion issue need not be decided where substantive claim has no merit)